IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


FEDERAL INSURANCE COMPANY a/s/o
GREGORY POOLE EQUIPMENT CO., a
corporation,

      Plaintiff,

  v.

ROYAL AUTO TRANS INC., a corporation;
STRATEGIC TRANSPORT, INC., a
corporation; and T.G.R. LOGISTICS INC., a
corporation,

      Defendants.

No. 3:18-cv-02065-HZ

OPINION & ORDER


Kevin M. Anderson
Anderson And Yamada, P.C.
9755 SW Barnes Road, Suite 675
Portland, OR 97225

 Attorney for Defendant Strategic Transport, Inc.

1 - OPINION & ORDER

Martha J. Payne
Benesch, Friedlander,
Coplan & Aronoff, LLP
225 Escondido Avenue
Lincoln City, OR 97367

Marc S. Blubaugh
Kelly E. Mulrane
Benesch, Friedlander,
Coplan & Aronoff, LLP
41 S. High Street, Suite 2600
Columbus, OH 43215

       Attorneys for Defendant T.G.R. Logistics, Inc.

HERNÁNDEZ, District Judge:

Before the Court is Defendant T.G.R. Logistics, Inc. ("T.G.R.")'s motion to dismiss Defendant Strategic Transport, Inc. ("STI")'s crossclaims. For the reasons that follow, the motion is DENIED.

## BACKGROUND

Defendant STI is an authorized property broker registered pursuant to 49 U.S.C. § 13904. STI Amended Answer and Crossclaims ¶ 31, ECF 40. T.G.R. is a Washington corporation that operates as an authorized motor carrier registered pursuant to 49 U.S.C. § 13902. *Id.* ¶ 32. Both STI and T.G.R. are defendants in the lawsuit brought by Plaintiff Federal Insurance Company a/s/o Gregory Poole Equipment Co.

Relevant to this motion, STI, acting as a broker on behalf of Gregory Poole Equipment Co., alleges that it entered into a contract with T.G.R. *Id.* ¶ 33. Under the terms of that contract, T.G.R. agreed to transport an industrial air compressor from Oregon to North Carolina using its own equipment. *Id.* STI alleges that T.G.R. breached that contract when it "double brokered the shipment" to Defendant Royal Auto Trans Inc. without STI's knowledge or consent. *Id.* ¶ 34.

STI brings crossclaims against T.G.R. for (1) breach of contract; (2) contractual indemnity; and (3) common law indemnity.

**STANDARDS**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n, Inc. v. City & Cnty. of S.F.*, 277 F.3d 1114, 1120 (9th Cir. 2002). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

However, the court need not accept conclusory allegations as truthful. *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003). ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations") (internal quotation marks, citation, and alterations omitted). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

## DISCUSSION

T.G.R. moves to dismiss STI's crossclaims, alleging that each cause of action is preempted by 49 U.S.C. § 14706 (the "Carmack Amendment"). The Carmack Amendment "established a uniform national liability policy for interstate carriers, and preempts all state and common law claims against a carrier for damage to or loss of goods." *InTransit, Inc. v. Excel N. Am. Rd. Transp., Inc.*, 426 F. Supp. 2d 1136, 1139–40 (D. Or. 2006).

STI first argues that T.G.R. is a broker and the Carmack Amendment does not preempt claims against brokers. *See, e.g.*, *Chubb Group of Ins. Companies v. H.A. Transp. Systems, Inc.*, 243 F.Supp.2d 1064 (C.D. Cal. 2002); *Rohr, Inc. v. UPS-Supply Chain Solutions, Inc.*, 939 F.Supp.2d 1041 (S.D. Cal. 2013); *Professional Communications, Inc. v. Contract Freighters, Inc.*, 171 F.Supp.2d. 546, 551 (D. Md. 2001); *Independent Machinery*, 867 F.Supp. 752, 761 (N.D. Ill. 1994); *Adelman v. Hub City Los Angeles Terminal*, 856 F.Supp. 1544, 1547–48 (N.D. Ala. 1994).

In response, T.G.R. argues that STI has not, in fact, alleged that T.G.R. is a broker. Rather, STI has alleged that T.G.R. is a motor carrier that "double-brokered" the product at issue. Even assuming T.G.R. is right—and STI has failed to allege (at least in the alternative under Fed. R. Civ. P. 8(2)) that T.G.R. is a broker—the Court agrees with STI's second argument: that because *STI* is a broker, the claims at issue are not preempted by the Carmack Amendment.

The Ninth Circuit has not resolved the question of whether the Carmack Amendment preempts claims by brokers against motor carriers. Based on the weight of authority, and

assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

## DISCUSSION

T.G.R. moves to dismiss STI's crossclaims, alleging that each cause of action is preempted by 49 U.S.C. § 14706 (the "Carmack Amendment"). The Carmack Amendment "established a uniform national liability policy for interstate carriers, and preempts all state and common law claims against a carrier for damage to or loss of goods." *InTransit, Inc. v. Excel N. Am. Rd. Transp., Inc.*, 426 F. Supp. 2d 1136, 1139–40 (D. Or. 2006).

STI first argues that T.G.R. is a broker and the Carmack Amendment does not preempt claims against brokers. *See, e.g.*, *Chubb Group of Ins. Companies v. H.A. Transp. Systems, Inc.*, 243 F.Supp.2d 1064 (C.D. Cal. 2002); *Rohr, Inc. v. UPS-Supply Chain Solutions, Inc.*, 939 F.Supp.2d 1041 (S.D. Cal. 2013); *Professional Communications, Inc. v. Contract Freighters, Inc.*, 171 F.Supp.2d. 546, 551 (D. Md. 2001); *Independent Machinery*, 867 F.Supp. 752, 761 (N.D. Ill. 1994); *Adelman v. Hub City Los Angeles Terminal*, 856 F.Supp. 1544, 1547–48 (N.D. Ala. 1994).

In response, T.G.R. argues that STI has not, in fact, alleged that T.G.R. is a broker. Rather, STI has alleged that T.G.R. is a motor carrier that "double-brokered" the product at issue. Even assuming T.G.R. is right—and STI has failed to allege (at least in the alternative under Fed. R. Civ. P. 8(2)) that T.G.R. is a broker—the Court agrees with STI's second argument: that because *STI* is a broker, the claims at issue are not preempted by the Carmack Amendment.

The Ninth Circuit has not resolved the question of whether the Carmack Amendment preempts claims by brokers against motor carriers. Based on the weight of authority, and

*InTransit, Inc. v. Excel North American Road Transport, Inc.*, a persuasive District of Oregon case, the Court finds that it does not.

In *InTransit*, the court examined claims brought by a broker against a motor carrier. 426 F. Supp. 2d at 1139. The court acknowledged that "the case law is not clearly developed in this area," but held that the Carmack Amendment did not preempt a broker's claim that was based on "direct contractual indemnity and not [] an assignment of rights by the shipper" under the bill of lading.[1] 426 F. Supp. 2d at 1141. The court noted, however, that the Amendment may apply in a "true subrogation case where the suing party stands in the shoes of the shipper." *Id.* at 1141.[2]

The majority of cases found by this Court support the *InTransit* conclusion and reasoning. *See Complete Distribution Services, Inc. v. All States Transport, LLC*, 3:13-cv-00800-SI, 2015 WL 5764421 (D. Or. Sept. 30, 2015) (citing *InTransit* and applying Oregon law to a contract claim between a broker and a motor carrier); *RLI Insurance Company v. G S Transport Inc.*, No. C-12-03391(EDL), 2012 WL 13070149 (N.D. Cal. Nov. 9, 2012) (concluding that "contractual indemnity claims under a separate contract—not direct claims by a shipper or its subrogee under a bill of lading— . . . are not preempted by the Carmack Amendment."); *Total Quality Logistics, LLC v. O'Malley*, Case No. 1:16-cv-636, 2016 WL 4051880 (S.D. Ohio July 28, 2016) ("[T]his preemption does not extend to disputes between a broker and carrier over a broker-carrier contract."); *Traffic Tech, Inc. v. Arts Transp., Inc.*, No. 15 C 8014, 2016 WL 1270496 (N.D. Ill, Apr. 1, 2016) (claims by broker against carrier under broker-carrier agreement are "separate and distinct claims outside the scope of the Carmack Amendment");

---

[1] A bill of lading is "the basic transportation contract between the shipper-consignor and the carrier." *S. Pac. Transp. Co. v. Comm. Metals Co.*, 456 U.S. 336, 342 (1982); *OneBeacon Ins. Co. v. Haas Industries, Inc.*, 634 F.3d 1092 (9th Cir. 2011).

[2] The Court notes that Federal Insurance Company—the plaintiff in this case—filed this action "as subrogee of" the shipper.

*Nat'l Bankers Trust Corp. v. Peak Logistics, LLC*, No. 12–2268, 2014 WL 5343639, at *3 (W.D. Tenn. Oct. 20, 2014) (holding that the Carmack Amendment did not preempt claims brought by a broker against a carrier); *TransCorr Nat. Logistics, LLC v. Chaler Corp.*, No. 1:08-cv-00375-TAB-SEB, 2008 WL 5272895, at *3 (S.D. Ind. Dec. 19, 2008) (explaining that "[t]he purpose of the Carmack Amendment is to prevent carriers from being placed in the untenable position of having to determine what their liability may be in many jurisdictions with differing laws" and that "[l]iability issues under broker-carrier contracts do not raise the same concern because parties to the contracts may reasonably expect that their contracts will be interpreted consistently by the law of the jurisdiction in which the contract was made"). In fact, courts have found that brokers also cannot bring Carmack Amendment claims in their capacity as brokers. *See, e.g.*, *Exel, Inc. v. Southern Refrigerated Transport, Inc.*, 807 F.3d 140 (6th Cir. 2015).

T.G.R. argues, in the alternative, that the *InTransit* holding should be limited to contractual indemnity claims, and therefore STI's general breach of contract and state law indemnity claims should still be found preempted. The Court does not agree. First, the *InTransit* court allowed both a contractual indemnity claim *and* a breach of a brokerage agreement claim to proceed, reasoning that the "action [wa]s sufficiently removed from a shipper or some other party who has rights under the bill of lading to sue a carrier for damage to goods shipped." *InTransit*, 426 F.Supp.2d at 1141; *see also Keystone Logistics, Inc. v. Struble Trucking LLC*, 3:14cv1938, 2014 WL 6750052 (N.D. Ind. Dec. 1, 2014) ("[Broker] is seeking to recover on a contract which is not a bill of lading, the Carmack Amendment does not apply and there is no preemption.").

Second, STI's breach of contract and state law indemnity claims are not alleged to arise out of the bill of lading or an assignment of rights. Rather, STI alleges that T.G.R. breached its

contract by failing to transport goods using the agreed upon equipment; thus, the breach would arise even if the goods were never damaged. Additionally, while STI's common law indemnity claim would not have arisen if the goods were not damaged, T.G.R. has not provided the Court with a persuasive reason to limit the *InTransit* holding to claims for contractual, rather than state common law, indemnity. Thus, because STI is not "stepping into the shoes" of the shipper to sue the carrier, the Court finds that STI's claims are not preempted by the Carmack Amendment.

## CONCLUSION

Based on the foregoing, T.G.R.'s motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated this 4 day of October, 2019.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge